# EXHIBIT 3

# Chapter 210
# Zoning

**[HISTORY: Adopted by the Board of Trustees of the Village of Airmont 1-11-1993 by L.L. No. 7-1993; codified using the reprinted version as amended 7-12-1993 by L.L. No. 34-1993 and 1-30-1997 by L.L. No. 1-1997. Subsequent amendments noted in text where applicable.]**

GENERAL REFERENCES

Architectural Review Committee — See Ch. **5**.
Planning Board and Zoning Board of Appeals — See Chs. **14**, **42** and **58**.

Animals — See Ch. **73**.

Building construction and fire prevention — See Ch. **80**.

Numbering of buildings — See Ch. **84**.

Unsafe buildings — See Ch. **87**.

Erosion and sediment control — See Ch. **100**.

Blasting operations — See Ch. **103**.

Fees and deposits — See Ch. **106**.

Flood damage prevention — See Ch. **114**.

Noise — See Ch. **132**.

Property maintenance — See Ch. **147**.

Sight obstructions — See Ch. **161**.

Site development plan regulations — See Ch. **164**.

Subdivision of land — See Ch. **180**.

Telecommunications — See Ch. **187**.

Wetlands — See Ch. **206**.

## Article I
## Title and Purpose

§ 210-1 **Long title.**
The long title shall be as follows: "A law regulating and restricting the location, construction and use of buildings and structures and the use of land in the Village of Airmont, County of Rockland, State of New York."

§ 210-2 **Short title.**
This chapter shall be known and may be cited as the "Zoning Law of the Village of Airmont, New York."

§ 210-12 **Utilization of use regulations.**

Any use not identified as a permitted use, conditional use, special permit use or accessory use shall be deemed prohibited. Any use indicated as conditional shall be deemed prohibited unless approved in a manner specified by this chapter. Where conditional uses are identified by generic word or description, the Planning Board shall determine whether a specific use shall be construed to be part of such generic class. In making such determination, the Planning Board shall consider to what extent the proposed use is like, in land use impacts, the class of use indicated in the list.

§ 210-12.1 **Residential places of worship.**
[Added 12-10-2007 by L.L. No. 5-2007]

A. Legislative intent. The Village Board of the Village of Airmont finds and determines that the interpretation and application of the current zoning law is difficult as it relates to residences that are used as places of worship within the Village of Airmont. In order to promote individual constitutional rights to freedom of religion, freedom of assembly and the Village of Airmont's interest in protecting the health, safety and welfare of its citizens, the Village Board has determined that the current Zoning Code should be amended to establish residential places of worship in any residential district in the Village of Airmont.

B. Regulations and application.

(1) For the establishment of any residential place of worship that exceeds 1400 square feet, an applicant shall obtain site approval as set forth elsewhere in this Code. For the establishment of any residential place of worship that is 1400 square feet or less, an applicant shall apply for site review pursuant to this section of the Code.

(2) The floor area per person for a residential place of worship shall be calculated as 20 square feet per person.

(3) In addition to off-street parking required for the residence, additional off-street parking for any residential place of worship shall be provided at the rate of one parking space for every 200 square feet of the residential place of worship.

(4) Any single-family residence containing a residential place of worship shall comply with the area requirements applicable to a single-family residence in the district in which such building or structure is situated. The inclusion of a residential place of worship within the structure of an existing residence that is nonconforming with the area and bulk table requirements of the district in which such residence is situated shall not be deemed an intensification of any such dimensional nonconformity, provided that the size of such residential place of worship does not exceed the ratio of the lot on which the residential place of worship is located to the square footage required for a lot in that Zoning District applied to the maximum size of 1,400 square feet. By means of example, if a lot of 10,000 square feet is located in a district providing for a minimum of lot of 30,000 square feet requirement the square footage of the residential place of worship cannot exceed 1/3 of the 1,400 square feet.

(5) An application for a residential place of worship as defined by this Code shall be submitted to the Clerk to the Planning Board. That application shall include a standard request for issuance of a building permit, together with a proposed plan for the use and development of the site by the applicant. The plan shall include details regarding water, sewage, parking, traffic, driveway, fire and emergency, buffering for neighbors, and drainage.

(6) The Building Inspector shall review the application and refer any complete application to the Planning Board within 10 days of its submission to the Clerk to the Planning Board. If the application provides for more than 1,400 square feet of space devoted to the conducting of religious services, the application shall be referred by the Building Inspector to the Planning Board for regular Planning Board site plan review and approval. If the application provides for 1,400 square feet of

space or less devoted to the conducting of religious services, the application shall be referred by the Building Inspector the CDRC and the Planning Board for review.

(7) The Planning Board shall review all residential place of worship applications providing for 1,400 square feet of space or less devoted to the conducting of religious services in any residential district upon an expedited basis as described below in Subsection **B(9)** and **(12)**. Such Planning Board review will include an immediate referral by the Clerk to the Planning Board to the CDRC of all issues set forth in the application. Issues regarding water, sewage, and drainage will be reviewed primarily at the CDRC by the Village Engineer to determine if proper engineering standards have been met. Issues regarding parking, traffic, access, fire and emergency, and buffering from neighbors will be reviewed by the Planning Board upon recommendation of the CDRC in accordance with the standards, guidelines and requirements applicable to those items.

(8) Within 10 days of submission of an application to the Clerk to the Planning Board, the Building Inspector shall provide written notification to the applicant and the Clerk to the Planning Board that the application has been received and that either the application is complete, or a certain aspect or aspects of the application are incomplete, along with a list of the specific items necessary to make the application complete.

(9) For application 1,400 square feet or less, the Planning Board shall render a decision on an application for a residential place of worship within 62 days of the Planning Board's receipt of a completed application. Should the Planning Board fail to approve the application for a residential place of worship within 62 days of the Planning Board's receipt of a completed application, the applicant shall be entitled to seek all appropriate judicial relief.

(10) Within 10 days of a favorable Planning Board decision and the applicant's compliance with all conditions in any Planning Board resolution, the Building Inspector shall issue a building permit to the applicant.

(11) Should either the CDRC of the Planning Board determine an application for a residential place of worship to be deficient for any reason, the CDRC of the Planning Board will provide written notification to the applicant of the basis for the deficiency, along with specific written directions that, if followed by the applicant, will cause such application to become acceptable to the CDRC and/or the Planning Board.

(12) All applications for residential places of worship shall be given priority in the scheduling of agenda items and hearings and in rendering of all decisions. That priority will include, but not be limited to, the placement of residential place of worship applications on the Planning Board or CDRC calendar before any other applications can be scheduled to be heard by the Planning Board or CDRC.

(13) Any residential place of worship that exists prior to the enactment of this section shall be given 180 days to submit necessary documentation for approval consistent with the requirements herein.

C. Definitions. For the purposes of this section, the term "residential place of worship" shall mean a dedicated building, or any part thereof, where a group of people assemble in a congregation to perform acts of religious, praise, honor or devotion. It also includes places where religious instructions, ceremonies, and associated activities of faith are carried out.

§ 210-12.2 **Educational institutions with accessory housing.**
**[Added 12-5-2011 by L.L. No. 5-2011]**

A. Legislative intent. The Village Board of the Village of Airmont finds and determines that in order to promote individual constitutional rights to freedom of religion, freedom of assembly and the Village of Airmont's interest in protecting the health, safety and welfare of its citizens, the current Zoning Code should be amended to establish educational institutions with accessory housing as a conditional use by the Planning Board. **[Amended 9-4-2012 by L.L. No. 3-2012]**

L.  Contractors' storage yards, except in the PI District.

M.  Ministorage facilities.

N.  Bus storage and repair facilities.

O.  Refuse or garbage truck maintenance or storage facilities.

P.  Roadside mobile lunch wagons.

Q.  Truck or bus body repair and painting.

§ 210-14 **RR-50 Rural Residential District regulations.**
Minimum 50,000 square feet per lot.

A.  Uses permitted by right:

(1)  The following agriculture operations, provided that there shall be no structures or storage of odor- or dust-producing substance within a distance of 200 feet from any lot line:

(a)  Nurseries, greenhouses and other enclosed structures for growth and production of plants.

(b)  Open field agriculture, including orchards, truck gardening, vineyards and other field crops.

(2)  Freestanding places of worship, parish houses and rectories, but not including schools of general instruction, religious instruction or buildings for religious instruction.

(3)  One-family detached residences, with not more than one principal residential building on a lot.

(4)  Community residence facilities, subject to Village Board approval as to site selection, pursuant to § 41.34 of the Mental Hygiene Law.

(5)  Neighborhood places of worship.

(6)  Residential places of worship.

B.  Conditional uses by Planning Board, subject to Articles **XI** and **XII**:

(1)  Public utility buildings or structures not elsewhere identified, excluding power generation and distribution centers, equipment storage and crew facilities and transmission towers.

(2)  Reservoirs and standpipes on lots of three acres or more.

(3)  Outdoor recreation facilities, including golf courses, tennis courts, ice-skating rinks, swimming pools, parks, playfields and ski areas, subject to Article **XII**, § **210-101**, but excluding miniature golf courses, batting cages, driving ranges and tennis ranges.

(4)  Accessory to outdoor recreation facilities, uses such as rest rooms, locker rooms, shelters and clubhouses for membership clubs.

(5)  Accessory to an agricultural use, buildings or stands for the display and sale of agricultural products, the majority of which are grown on the same premises.

(6)  Camps and day camps, subject to Article **XII**, § **210-101**.

(7)  Nursery schools.

(8) One-family detached residences subject to § 7-738 of the Village Law pursuant to Article **IV**, § **210-30** (Average density).

(9) Accessory home professional offices.

(10) Libraries, museums and art galleries.

(11) Family and group care facility (non-Padavan).

(12) Keeping, breeding, and raising of cattle, including dairies, sheep, goats and horses on lots of 20 acres or more, but not within 100 feet of any lot line.

(a) None of the foregoing shall be construed to permit the commercial raising of pigs or agricultural industries, such as cage-type poultry operations or processing of animal products not raised on premises.

(13) Accessory home occupations.

(14) Schools of general or religious instruction and buildings for religious instruction without accessory housing, other than a guard's or caretaker's dwelling. **[Amended 9-4-2012 by L.L. No. 3-2012]**

(15) Underground, surface or overhead utilities, including gas, electrical and water transmission systems, including appurtenances thereto except transmission towers; telephone lines, call boxes and other similar equipment and accessories necessary for furnishing of adequate service by public utilities; substations, pumping stations and other unmanned structures that harmonize with the neighborhood having adequate fences and other safety devices, screening and landscaping.

(16) Public and private hospitals and sanatoriums for general medical care. Accessory to such uses, the Planning Board may permit such outpatient clinics and office facilities, provided that in sum such facilities do not exceed 30% of the total floor area of the facility. **[Added 5-24-2004 by L.L. No. 1-2004]**

(17) Nursing homes and convalescent facilities licensed by the State of New York. **[Added 5-24-2004 by L.L. No. 1-2004]**

(18) Stables and riding academies subject to Article **XII**, § **210-99**. **[Added 5-24-2004 by L.L. No. 1-2004]**

(19) Volunteer ambulance service facilities. **[Added 5-24-2004 by L.L. No. 1-2004]**

(20) Educational institutions with accessory housing subject to § **210-119** herein. **[Added 5-24-2004 by L.L. No. 1-2004; amended 7-7-2014 by L.L. No. 2-2014]**

C. Uses by special permit of the Village Board (subject to Article **XVI**): **[Amended 5-24-2004 by L.L. No. 1-2004]**

(1) Cemeteries on lots adjacent to an established cemetery or place or worship.

D. Accessory uses permitted by right:

(1) Accessory to a one-family residence or agricultural use, the following private structures: greenhouses, barns, silos, sheds, garages, tennis courts, swimming pools and other similar structures.

(2) Accessory to a one-family residence, storage of not more than one unoccupied trailer, recreational vehicle, boat trailer or boat not exceeding 35 feet in length, subject to Article **VII**, § **210-53**.

(3) Keeping domestic animals as follows: not more than a total of five cats or dogs over one year old, not more than two horses over six months old, not more than 10 fowl, not more than two of any other species of domestic animals; excluding, however, all pigs and cattle. Domestic animals, except for cats and dogs, shall be maintained in an enclosure or fenced area not less than 75 feet from any plot line.

(4) Accessory parking subject to Article **VII**, § **210-56**.

(5) Accessory loading subject to Article **VII**, § **210-54**.

(6) Accessory to agriculture operations, storage of goods, equipment, raw materials or products, screened from all property lines.

(7) For any residence, home occupation or home professional office, if any on the premises, one announcement sign in accordance with Article **VIII** herein.

(8) For any structure for sale or rent, one temporary nonilluminated "for sale" or "for rent" sign in accordance with Article **VIII** herein.

(9) Accessory to any permitted nonresidential establishment, identification signs in accordance with Article **VIII** herein.

E. Additional use requirements. A buffer with a minimum dimension of the respective required setback may be required as condition of approval for any conditional or special permit use where such uses may adversely affect the residential character of the neighborhood. The buffer, if required, shall be provided between the proposed conditional or special permit use and any lot in a residential district. Such buffer area may be reduced where local conditions warrant and substitute measures are prescribed for the protection of neighboring properties or where adjacent use is similar to that proposed for special permit approval.

§ 210-15 **R-40 Residential District regulations.**
Minimum 40,000 square feet per lot.

A. Uses permitted by right:

(1) The following agriculture operations, provided that there shall be no structures or storage of odor- or dust-producing substance within a distance of 250 feet from any lot line:

(a) Nurseries, greenhouses and other enclosed structures for growth and production of plants.

(b) Open field agriculture, including orchards, truck gardening, vineyards and other field crops.

(2) Freestanding places of worship, parish houses and rectories, but not including schools of general instruction, religious instruction or buildings for religious instruction.

(3) One-family detached residences, with not more than one principal residential building on a lot.

(4) Community residence facilities, subject to Village Board approval as to site selection, pursuant to § 41.34 of the Mental Hygiene Law.

(5) Neighborhood places of worship.

(6) Residential places of worship.

B. Conditional uses by Planning Board, subject to Articles **XI** and **XII**:

(1) Public utility buildings or structures not elsewhere identified, excluding power generation and distribution centers, equipment storage and crew facilities and transmission towers.

(2) Reservoirs and standpipes on lots of three acres or more.

(3) Accessory to an agricultural use, buildings or stands for the display and sale of agricultural products, the majority of which are grown on the same premises.

(4) Nursery schools.

(5) One-family detached residences subject to § 7-738 of the Village Law pursuant to Article **IV**, § **210-30** (Average density).

(6) Accessory home professional offices.

(7) Libraries, museums and art galleries.

(8) Family and group care facility (non-Padavan).

(9) Accessory home occupations.

(10) Camps legally existing under the Town of Ramapo Zoning Code as of January 1, 1993, pursuant to § **210-101**. **[Amended 5-24-2004 by L.L. No. 1-2004]**

(11) Schools of general or religious instruction and buildings for religious instruction without accessory housing, other than a guard's or caretaker's dwelling. **[Amended 9-4-2012 by L.L. No. 3-2012]**

(12) Underground, surface or overhead utilities, including gas, electrical and water transmission systems, including appurtenances thereto except transmission towers; telephone lines, call boxes and other similar equipment and accessories necessary for furnishing of adequate service by public utilities; substations, pumping stations and other unmanned structures that harmonize with the neighborhood having adequate fences and other safety devices, screening and landscaping.

(13) Public and private hospitals and sanatoriums for general medical care. Accessory to such uses, the Planning Board may permit such outpatient clinics and office facilities, provided that in sum such facilities do not exceed 30% of the total floor area of the facility. **[Added 5-24-2004 by L.L. No. 1-2004]**

(14) Nursing homes and convalescent facilities licensed by the State of New York. **[Added 5-24-2004 by L.L. No. 1-2004]**

(15) Stables and riding academies subject to Article **XII**, § **210-99**. **[Added 5-24-2004 by L.L. No. 1-2004]**

(16) Volunteer ambulance service facilities. **[Added 5-24-2004 by L.L. No. 1-2004]**

(17) Educational institutions with accessory housing subject to § **210-119** herein. **[Added 9-4-2012 by L.L. No. 3-2012; amended 7-7-2014 by L.L. No. 2-2014]**

C. Uses by special permit of the Village Board (subject to Article **XVI**): **[Amended 5-24-2004 by L.L. No. 1-2004]**

(1) Cemeteries on lots adjacent to an established cemetery or place or worship.

D. Accessory uses permitted by right:

(1) Accessory to a one-family residence or agricultural use, the following private structures: greenhouses, barns, silos, sheds, garages, tennis courts, swimming pools and other similar structures.

(2) Accessory to a one-family residence, storage of not more than one unoccupied trailer, recreational vehicle, boat trailer or boat not exceeding 35 feet in length, subject to Article **VII**, § **210-53**.

(3) Keeping domestic animals as follows: not more than a total of five cats or dogs over one year old, not more than two horses over six months old, not more than 10 fowl, not more than two of any other species of domestic animals; excluding, however, all pigs and cattle. Domestic animals, except for cats and dogs, shall be maintained in an enclosure or fenced area not less than 75 feet from any plot line.

(4) Accessory parking subject to Article **VII**, § **210-56**.

(5) Accessory loading subject to Article **VII**, § **210-54**.

(6) Accessory to agriculture operations, storage of goods, equipment, raw materials or products, screened from all property lines.

(7) For any residence, home occupation or home professional office, if any on the premises, one announcement sign in accordance with Article **VIII** herein.

(8) For any structure for sale or rent, one temporary nonilluminated "for sale" or "for rent" sign in accordance with Article **VIII** herein.

(9) Accessory to any permitted nonresidential establishment, identification signs in accordance with Article **VIII** herein.

E. Additional use requirements. A buffer with a minimum dimension of the respective required setback may be required as condition of approval for any conditional or special permit use where such uses may adversely affect the residential character of the neighborhood. The buffer, if required, shall be provided between the proposed conditional or special permit use and any lot in a residential district. Such buffer area may be reduced where local conditions warrant and substitute measures are prescribed for the protection of neighboring properties or where adjacent use is similar to that proposed for special permit approval.

## § 210-16 **R-35 Residential District regulations.**
Minimum 35,000 square feet per lot.

A. Uses permitted by right:

(1) The following agriculture operations, provided that there shall be no structures or storage of odor- or dust-producing substance within a distance of 250 feet from any lot line:

(a) Nurseries, greenhouses and other enclosed structures for growth and production of plants.

(b) Open field agriculture, including orchards, truck gardening, vineyards and other field crops.

(2) Freestanding places of worship, parish houses and rectories, but not including schools of general instruction, religious instruction or buildings for religious instruction.

(3) One-family detached residences, with not more than one principal residential building on a lot.

(4) Community residence facilities, subject to Village Board approval as to site selection, pursuant to § 41.34 of the Mental Hygiene Law.

(5) Neighborhood places of worship.

(6) Residential places of worship.

B. Conditional uses by Planning Board, subject to Articles **XI** and **XII**:

(1) Public utility buildings or structures not elsewhere identified, excluding power generation and distribution centers, equipment storage and crew facilities and transmission towers.

(2) Reservoirs and standpipes on lots of three acres or more.

(3) Accessory to an agricultural use, buildings or stands for the display and sale of agricultural products, the majority of which are grown on the same premises.

(4) Nursery schools.

(5) One-family detached residences subject to § 7-738 of the Village Law pursuant to Article **IV**, § **210-30** (Average density).

(6) Accessory home professional offices.

(7) Libraries, museums and art galleries.

(8) Family and group care facility (non-Padavan).

(9) Accessory home occupations.

(10) Camps legally existing under the Town of Ramapo Zoning Code as of January 1, 1993, pursuant to § **210-101**. **[Amended 5-24-2004 by L.L. No. 1-2004]**

(11) Schools of general or religious instruction and buildings for religious instruction without accessory housing, other than a guard's or caretaker's dwelling. **[Amended 9-4-2012 by L.L. No. 3-2012]**

(12) Underground, surface or overhead utilities, including gas, electrical and water transmission systems, including appurtenances thereto except transmission towers; telephone lines, call boxes and other similar equipment and accessories necessary for furnishing of adequate service by public utilities; substations, pumping stations and other unmanned structures that harmonize with the neighborhood having adequate fences and other safety devices, screening and landscaping.

(13) Public and private hospitals and sanatoriums for general medical care. Accessory to such uses, the Planning Board may permit such outpatient clinics and office facilities, provided that in sum such facilities do not exceed 30% of the total floor area of the facility. **[Added 5-24-2004 by L.L. No. 1-2004]**

(14) Nursing homes and convalescent facilities licensed by the State of New York. **[Added 5-24-2004 by L.L. No. 1-2004]**

(15) Stables and riding academies subject to Article **XII**, § **210-99**. **[Added 5-24-2004 by L.L. No. 1-2004]**

(16) Volunteer ambulance service facilities. **[Added 5-24-2004 by L.L. No. 1-2004]**

(17) Educational institutions with accessory housing subject to § **210-119** herein. **[Added 9-4-2012 by L.L. No. 3-2012; amended 7-7-2014 by L.L. No. 2-2014]**

C. Uses by special permit of the Village Board (subject to Article **XVI**): **[Amended 5-24-2004 by L.L.**

No. 1-2004]

(1) Cemeteries on lots adjacent to an established cemetery or place or worship.

D. Accessory uses permitted by right:

(1) Accessory to a one-family residence or agricultural use, the following private structures: greenhouses, barns, silos, sheds, garages, tennis courts, swimming pools and other similar structures.

(2) Accessory to a one-family residence, storage of not more than one unoccupied trailer, recreational vehicle, boat trailer or boat not exceeding 35 feet in length, subject to Article **VII**, § **210-53**.

(3) Keeping domestic animals as follows: not more than a total of five cats or dogs over one year old, not more than two horses over six months old, not more than 10 fowl, not more than two of any other species of domestic animals; excluding, however, all pigs and cattle. Domestic animals, except for cats and dogs, shall be maintained in an enclosure or fenced area not less than 75 feet from any plot line.

(4) Accessory parking subject to Article **VII**, § **210-56**.

(5) Accessory loading subject to Article **VII**, § **210-54**.

(6) Accessory to agriculture operations, storage of goods, equipment, raw materials or products, screened from all property lines.

(7) For any residence, home occupation or home professional office, if any on the premises, one announcement sign in accordance with Article **VIII** herein.

(8) For any structure for sale or rent, one temporary nonilluminated "for sale" or "for rent" sign in accordance with Article **VIII** herein.

(9) Accessory to any permitted nonresidential establishment, identification signs in accordance with Article **VIII** herein.

E. Additional use requirements. A buffer with a minimum dimension of the respective required setback may be required as condition of approval for any conditional or special permit use where such uses may adversely affect the residential character of the neighborhood. The buffer, if required, shall be provided between the proposed conditional or special permit use and any lot in a residential district. Such buffer area may be reduced where local conditions warrant and substitute measures are prescribed for the protection of neighboring properties or where adjacent use is similar to that proposed for special permit approval.

§ 210-17 **R-25 Residential District regulations.**
Minimum 25,000 square feet per lot.

A. Uses permitted by right:

(1) The following agriculture operations, provided that there shall be no structures or storage of odor- or dust-producing substance within a distance of 250 feet from any lot line:

(a) Nurseries, greenhouses and other enclosed structures for growth and production of plants.

(b) Open field agriculture, including orchards, truck gardening, vineyards and other field crops.

(2) Freestanding places of worship, parish houses and rectories, but not including schools of general instruction, religious instruction or buildings for religious instruction.

(3) One-family detached residences, with not more than one principal residential building on a lot.

(4) Community residence facilities, subject to Village Board approval as to site selection, pursuant to § 41.34 of the Mental Hygiene Law.

(5) Neighborhood places of worship.

(6) Residential places of worship.

B. Conditional uses by Planning Board, subject to Articles **XI** and **XII**:

(1) Public utility buildings or structures not elsewhere identified, excluding power generation and distribution centers, equipment storage and crew facilities and transmission towers.

(2) Accessory to an agricultural use, buildings or stands for the display and sale of agricultural products, the majority of which are grown on the same premises.

(3) Nursery schools.

(4) One-family detached residences subject to § 7-738 of the Village Law pursuant to Article **IV**, § **210-30** (Average density).

(5) Accessory home professional offices.

(6) Libraries, museums and art galleries.

(7) Family and group care facility (non-Padavan).

(8) Accessory home occupations.

(9) Schools of general or religious instruction and buildings for religious instruction without accessory housing, other than a guard's or caretaker's dwelling. **[Amended 9-4-2012 by L.L. No. 3-2012]**

(10) Underground, surface or overhead utilities, including gas, electrical and water transmission systems, including appurtenances thereto except transmission towers; telephone lines, call boxes and other similar equipment and accessories necessary for furnishing of adequate service by public utilities; substations, pumping stations and other unmanned structures that harmonize with the neighborhood having adequate fences and other safety devices, screening and landscaping.

(11) Public and private hospitals and sanatoriums for general medical care. Accessory to such uses, the Planning Board may permit such outpatient clinics and office facilities, provided that in sum such facilities do not exceed 30% of the total floor area of the facility. **[Added 5-24-2004 by L.L. No. 1-2004]**

(12) Nursing homes and convalescent facilities licensed by the State of New York. **[Added 5-24-2004 by L.L. No. 1-2004]**

(13) Stables and riding academies subject to Article **XII**, § **210-99**. **[Added 5-24-2004 by L.L. No. 1-2004]**

(14) Volunteer ambulance service facilities. **[Added 5-24-2004 by L.L. No. 1-2004]**

(15) Educational institutions with accessory housing subject to § **210-119** herein. **[Added 9-4-2012 by L.L. No. 3-2012; amended 7-7-2014 by L.L. No. 2-2014]**

C. Uses by special permit of the Village Board (subject to Article **XVI**): **[Amended 5-24-2004 by L.L.**

No. 1-2004]

(1) Cemeteries on lots adjacent to an established cemetery or place or worship.

D. Accessory uses permitted by right:

(1) Accessory to a one-family residence or agricultural use, the following private structures: greenhouses, barns, silos, sheds, garages, tennis courts, swimming pools and other similar structures.

(2) Accessory to a one-family residence, storage of not more than one unoccupied trailer, recreational vehicle, boat trailer or boat not exceeding 35 feet in length, subject to Article **VII**, § **210-53**.

(3) Keeping domestic animals as follows: not more than a total of three cats or dogs over one year old.

(4) Accessory parking subject to Article **VII**, § **210-56**.

(5) Accessory loading subject to Article **VII**, § **210-54**.

(6) Accessory to agriculture operations, storage of goods, equipment, raw materials or products, screened from all property lines.

(7) For any residence, home occupation or home professional office, if any on the premises, one announcement sign in accordance with Article **VIII** herein.

(8) For any structure for sale or rent, one temporary nonilluminated "for sale" or "for rent" sign in accordance with Article **VIII** herein.

(9) Accessory to any permitted nonresidential establishment, identification signs in accordance with Article **VIII** herein.

E. Additional use requirements. A buffer with a minimum dimension of the respective required setback may be required as condition of approval for any conditional or special permit use where such uses may adversely affect the residential character of the neighborhood. The buffer, if required, shall be provided between the proposed conditional or special permit use and any lot in a residential district. Such buffer area may be reduced where local conditions warrant and substitute measures are prescribed for the protection of neighboring properties or where adjacent use is similar to that proposed for special permit approval.

§ 210-18 **R-15 Residential District regulations.**
Minimum 15,000 square feet per lot.

A. Uses permitted by right:

(1) The following agriculture operations, provided that there shall be no structures or storage of odor- or dust-producing substance within a distance of 250 feet from any lot line:

(a) Nurseries, greenhouses and other enclosed structures for growth and production of plants.

(b) Open field agriculture, including orchards, truck gardening, vineyards and other field crops.

(2) Freestanding places of worship, parish houses and rectories, but not including schools of general instruction, religious instruction or buildings for religious instruction.

(3) One-family detached residences, with not more than one principal residential building on a lot.

(4) Community residence facilities, subject to Village Board approval as to site selection, pursuant to

§ 41.34 of the Mental Hygiene Law.

(5) One-family semiattached residences, with not more than one principal residential building on a lot; such use shall be limited to vacant land only and shall not be permitted on land which is occupied by existing construction.

(6) Neighborhood places of worship.

(7) Residential places of worship.

B. Conditional uses by Planning Board, subject to Articles **XI** and **XII**:

(1) Public utility buildings or structures not elsewhere identified, excluding power generation and distribution centers, equipment storage and crew facilities and transmission towers.

(2) Nursery schools.

(3) One-family detached residences subject to § 7-738 of the Village Law pursuant to Article **IV**, § **210-30** (Average density).

(4) Accessory home professional offices.

(5) Libraries, museums and art galleries.

(6) Family and group care facility (non-Padavan).

(7) Accessory home occupations.

(8) Schools of general or religious instruction and buildings for religious instruction without accessory housing, other than a guard's or caretaker's dwelling. **[Amended 9-4-2012 by L.L. No. 3-2012]**

(9) Underground, surface or overhead utilities, including gas, electrical and water transmission systems, including appurtenances thereto except transmission towers; telephone lines, call boxes and other similar equipment and accessories necessary for furnishing of adequate service by public utilities; substations, pumping stations and other unmanned structures that harmonize with the neighborhood having adequate fences and other safety devices, screening and landscaping.

(10) Public and private hospitals and sanatoriums for general medical care. Accessory to such uses, the Planning Board may permit outpatient clinics and office facilities, provided that in sum such facilities do not exceed 30% of the total floor area of the facility. **[Added 5-24-2004 by L.L. No. 1-2004]**

(11) Nursing homes and convalescent facilities licensed by the State of New York. **[Added 5-24-2004 by L.L. No. 1-2004]**

(12) Stables and riding academies subject to Article **XII**, § 210-99. **[Added 5-24-2004 by L.L. No. 1-2004]**

(13) Volunteer ambulance service facilities. **[Added 5-24-2004 by L.L. No. 1-2004]**

(14) Educational institutions with accessory housing subject to § **210-119** herein. **[Added 9-4-2012 by L.L. No. 3-2012; amended 7-7-2014 by L.L. No. 2-2014]**

C. Uses by special permit of the Village Board (subject to Article **XVI**): **[Amended 5-24-2004 by L.L. No. 1-2004]**

(1) Cemeteries on lots adjacent to an established cemetery or place or worship.

D. Accessory uses permitted by right:

(1) Accessory to a one-family residence or agricultural use, the following private structures: greenhouses, barns, silos, sheds, garages, tennis courts, swimming pools and other similar structures.

(2) Accessory to a one-family residence, storage of not more than one unoccupied trailer, recreational vehicle, boat trailer or boat not exceeding 35 feet in length, subject to Article **VII**, § **210-53**.

(3) Keeping domestic animals as follows: not more than a total of three cats or dogs over one year old.

(4) Accessory parking subject to Article **VII**, § **210-56**.

(5) Accessory loading subject to Article **VII**, § **210-54**.

(6) Accessory to agriculture operations, storage of goods, equipment, raw materials or products, screened from all property lines.

(7) For any residence, home occupation or home professional office, if any on the premises, one announcement sign in accordance with Article **VIII** herein.

(8) For any structure for sale or rent, one temporary nonilluminated "for sale" or "for rent" sign in accordance with Article **VIII** herein.

(9) Accessory to any nonresidential establishment, identification signs in accordance with Article **VIII** herein.

E. Additional use requirements. A buffer with a minimum dimension of the respective required setback may be required as condition of approval for any conditional or special permit use where such uses may adversely affect the residential character of the neighborhood. The buffer, if required, shall be provided between the proposed conditional or special permit use and any lot in a residential district. Such buffer area may be reduced where local conditions warrant and substitute measures are prescribed for the protection of neighboring properties or where adjacent use is similar to that proposed for special permit approval.

§ 210-19 **RSH Specialized Housing Residential District regulations.**
**[Amended 12-6-1999 by L.L. No. 4-1999]**

A. Purpose and applicability.

(1) The forms of housing accommodations for older residents has increased in terms of size and, type of units, cost, accessory and support facilities and desired amenities. All of these forms of housing have characteristics that are, to a greater or lesser degree, different than the general housing stock. The purpose of the RSH Zone is to provide for various types of housing to accommodate senior citizens at various stages of their life, starting with totally independent living retirement or leisure communities to assisted living and nursing facilities.

(2) The RSH Zone is intended as a floating zone to accommodate senior citizen housing as defined in Article **XII** herein and is to be applied only in areas zoned Village Center (VC) or Neighborhood Shopping (NS) at the time of submission of a rezoning petition to the Village Board in order to assure access to transportation, community and commercial services.

B. Uses permitted by right:

(1) None.

§ 210-70 **(Reserved)**
§ 210-71 **(Reserved)**

Article IX<br>Site Development Plan Review

**[Amended 11-3-1997 by L.L. No. 7-1997]**

§ 210-72 **Approval required; exceptions.**
No site development plan approval shall be required for a one-family detached residence on a single lot or for additions, alterations or structures accessory thereto. All other principal uses and all conditional and accessory uses shall require site development plan approval prior to the issuance of a building permit. A change of use shall require site plan approval where, in the judgment of the Building Inspector, there will be an increase in parking, traffic, water consumption, sewage effluent or other regulated activity. No certificate of occupancy or certificate of use shall be issued unless all requirements of the site development plan approval have been fully met. No lot or parcel of land shall be used except in conformity with an approved site development plan, when required. Where required, site development plans shall be referred to the Rockland County Department of Planning and other agencies.

§ 210-73 **Objectives.**
In considering and acting upon site development plans, the Planning Board shall take into consideration the public health, safety and welfare, the impact on the environment, the comfort and convenience of the public in general and of prospective occupants of the proposed development and of the immediate neighborhood in particular and may prescribe such appropriate conditions and safeguards as may be required in order to further the expressed intent of this chapter and accomplish the following objectives in particular:

A. Traffic access. All proposed traffic access will be adequate but not excessive in number; adequate in width, grade, alignment and visibility; not located too near street corners or other major access points; and other similar safety considerations.

B. Circulation and parking. Adequate off-street parking and loading spaces will be provided to prevent parking of vehicles on public streets. The interior circulation system will be adequate to provide safe accessibility to all required off-street parking.

C. Landscaping and screening. All recreation areas, parking and service areas will be reasonably screened or landscaped from the view of adjacent residential lots and streets during all seasons of the year. In addition, the Planning Board shall require such other landscaping and screening as may be required to protect the aesthetic environment of the surrounding properties and neighborhood.

D. Compatibility. Signs and lights will be compatible and in scale with building elements and will not dominate the overall visual impact of the project. Textures of buildings and paved areas will be sufficiently varied to prevent a massive or monolithic appearance, particularly areas of asphaltic paving for parking.

E. Environment. The design, layout and operational characteristics of the proposed use will not represent significant impact on the environment or result in a waste of the land and other natural resources of the Village. To the greatest extent possible, development will be in harmony with the natural environment and adequate compensatory devices will be prescribed to offset potential significant deterioration resulting from the project.

F. Architecture. The design, texture, facade, surface materials, colors, location and dimensions of all buildings and structures will be in harmony with and protect adjacent land uses.

G. Drainage. The site development plan should include a stormwater management plan such that stormwater runoff will be controlled from causing a negative impact on other properties. The plan should include measures that produce zero net increase in peak discharges from the site or should

demonstrate that the receiving drainage system has, or will have, adequate capacity to avoid drainage impacts off the site. The design should also control surface discharges onto the street or onto surrounding properties.

H. Water quality. The site plan design should address the potential negative impact of the site development on the quality of surface and subsurface water discharges from the site. The design should incorporate measures to improve the quality of storm water discharges from the site such that no degradation of the water quality will result in development of the site.

§ 210-74 **Site plan procedure.**

A. Informal review.

(1) The applicant may, at his option, submit an informal plan for discussion to the Planning Board or Community Design Review Committee (CDRC) prior to a formal application for site development plan review. Chapter **164**, Site Development Plan Regulations, of the Code of the Village of Airmont provides detailed specifications as to application materials and requirements. For purposes of an informal submission, the applicant should provide as much information as possible, keeping in mind the specified criteria required in Chapter **164**, Site Development Plan Regulations. The informal submission shall not constitute a formal application, and no approval can be granted based on it. At this time, the applicant should outline any modifications or waivers he is requesting from the requirements specified in Chapter **164**, Site Development Plan Regulations. The informal plan shall be reviewed by the CDRC prior to the next available Planning Board meeting.

(2) Upon findings by the Planning Board that, due to special conditions peculiar to a site, certain of the information normally required as part of the site plan is inappropriate or unnecessary or that strict compliance with said requirements may cause extraordinary and/or unnecessary hardships, the Board may vary or waive the provision or such information, as outlined in Chapter **164**, Site Development Plan Regulations, provided that such variance or waiver will not have a detrimental effect on the public health, safety or general welfare or have the effect of nullifying the intent and purpose of this chapter or the Official Map or Master Plan.

(3) The Planning Board will review the proposed informal plan and may make such suggestions or such conditions as are necessary to ensure conformity of said plans with the general and specific criteria set forth in this chapter and other applicable rules and regulations of the Village of Airmont. In reviewing a site development plan application which has been granted a special permit the Planning Board shall ensure conformity with any special requirements.

B. Formal review.

(1) Application for site development plan review shall be made on forms prescribed by the Planning Board and shall be accompanied by a fee in accordance with the Fee Schedule of the Village of Airmont. Such application shall be submitted to the Secretary to the Planning Board at least five weeks prior to the Planning Board meeting at which review is sought. The application will be scheduled for CDRC meeting preceding the Planning Board meeting for which the application was submitted. The CDRC shall determine if the application is complete and whether the site plan complies with all the specifications as set forth in § **164-7B** of Chapter **164**, Site Development Plan Regulations, of the Code of the Village of Airmont. In the event the application is not complete and/or fails to comply with the specifications of Chapter **164**, Site Development Plan Regulations, it may be rejected by the CDRC, in writing, within five days after the CDRC meeting.

(2) In the event the application is rejected by the CDRC pursuant to Subsection (B)(1) above, the applicant shall have the option to proceed with the meeting before the Planning Board to discuss the application informally and to request any waivers from Chapter **164**, Site Development Plan Regulations, or to correct the deficiencies and resubmit the plan for the next available meeting of the Planning Board.

(3) Upon submission of a completed application and site plan complying with Chapter **164**, Site Development Plan Regulations, a public hearing on the site development plan shall be scheduled for the next available Planning Board meeting, but no later than 62 days following the submission of the completed application. The applicant shall notify all owners of real property within 500 feet of the perimeter of the site, in accordance with § **164-5** of Chapter **164**, Site Development Plan Regulations, for the noticing of the public hearing.

(4) Notice to County Planning Board. At least 10 days before such hearing, the authorized Board shall mail notices thereof to the County Planning Board as required by § 239-m of the General Municipal Law, which notice shall be accompanied by a full statement of such proposed action, as defined in Subdivision 1 of § 239-m of the General Municipal Law. In the event that a public hearing is not required, such proposed action shall be referred before final action is taken thereon.

(5) In the event that conditional use approval is required, the Planning Board shall simultaneously consider both applications.

(6) The Planning Board shall approve the site development plan application, approve it with modifications or deny the application within 62 days after the close of the public hearing. The time within which the Planning Board must render its decision may be extended by mutual consent of the applicant and the Board. The Planning Board may impose such conditions as are necessary to ensure conformity with the general and specific criteria set forth in this chapter and in other applicable laws, rules and regulations of the Village.

§ 210-75 **Signing and filing.**
The applicant shall submit six copies of the site development plan with all modifications required by the Planning Board in its approval for signature by the Chairman of the Planning Board within one year of the filing of the resolution approving the plan. Upon satisfaction of all conditions, if any, imposed in the approval, and after review and approval by the appropriate Village departments, agencies and consultants, and after submission of all legal documents necessary to effect the conveyances or restrictions as set forth on the site plan are delivered in a form satisfactory to the Village Attorney, the Chairman of the Planning Board shall sign the site development plan. One copy shall be filed with the Building Inspector and one copy shall be returned to the applicant. No site plan shall be signed, however, until all public hearing posters have been returned to the Planning Board Clerk and all applicable fees including, but not limited to, professional consultants, hearing notices and inspections have been paid by the applicant regarding the application and approval.

§ 210-76 **Amendments to approved plans.**
An application for an amendment or revision of any previously approved site development plan shall be processed in accordance with the procedures set forth in § **210-74B** of this article except the public hearing may be waived in the event the amendments or revisions are minor in nature as determined by the CDRC. All applications shall be accompanied by fees as set forth in the Fee Schedule of the Village of Airmont.

§ 210-77 **Site improvements.**
A. The Planning Board shall require that all off-site improvements, if any, required by the site plan approval be installed on property granted to the Village or appropriate public jurisdiction or on private property with appropriate maintenance agreements, in fee, easement or otherwise as determined by the Planning Board.

B. No certificate of occupancy or use shall be issued for the site until all the improvements shown on the site development plan, including off-site improvements, have been duly installed and approved and all easements and property interests granted and/or offered for dedication.

C. A partial and/or temporary certificate of occupancy or use for periods of 90 days, but not more than one year in the aggregate, for a building or structure or part thereof may be issued before all the off-site and/or on-site improvements are complete, provided, nonetheless, that such portion or portions

§ 210-171 **(Reserved)**
§ 210-172 **(Reserved)**

Article XVIII
**Terminology**

**[Amended 10-6-1997 by L.L. No. 4-1997]**

§ 210-173 **General word usage.**

A. Unless otherwise listed below, the numbers, abbreviations, terms and words used herein shall have the meanings of common usage as set forth in the latest edition of Webster's New Collegiate Dictionary. Terms of law shall have the meanings as set forth in the latest edition of Black's Law Dictionary.

B. Unless the context clearly indicates to the contrary, words used in the present tense include the future tense, words used in the singular number include the plural; words used in the plural number include the singular; the word "herein" means in this chapter; the word "requirements" means local law; and the words "this chapter" shall mean this chapter and the maps included herein as enacted or subsequently amended.

C. The word "person" as used in this chapter, shall be defined to include, but not be limited to, an individual, a partnership, a joint venture, a corporation, an unincorporated association, a firm or any other form of entity, contractors, subcontractors or journeymen; "used" or "occupied" as applied to any land or building, shall be construed to include the words "intended," "arranged" or "designed to be used or occupied."

D. The "Village" is the Village of Airmont in the County of Rockland, State of New York; the "Village Board," "Board of Appeals," "Planning Board" and "Building Inspector" are respectively the Village Board, Board of Appeals, Planning Board and Building Inspector of the Village. The "Town" is the Town of Ramapo in the County of Rockland, State of New York.

E. "Article," as a term of reference in this chapter, refers to this chapter.

F. "Shall" is always mandatory, except when applied to public officials, in which event "shall" is directory. "Time requirements" shall, nevertheless, be considered mandatory.

§ 210-174 **Definitions.**
As used in this chapter, the following terms shall have the meanings indicated:

**ACCESSORY**
The term applied to a building, structure or use which is clearly incidental or subordinate to, and customarily in connection with, the principal building, structure or use and which is located on the same lot with the principal building, structure or use. Any accessory building or structure attached to a principal building or structure is deemed to be part of such principal building or structure in applying the bulk requirements to such building or structure. No use shall be considered accessory where such use requires a greater area of a lot or larger setbacks or yards or for which greater restrictions than for the principal use on the lot are imposed by this chapter.

**ADJOINING**
Physically touching or bordering upon or sharing a common property line or major portion thereof.

**ADULT ESTABLISHMENT**
**[Added 7-13-1998 by L.L. No. 5-1998]**

A. An adult establishment is a commercial establishment where a substantial portion of the

**RESIDENCE, ONE-FAMILY DETACHED**
    A one-family residence which is separated from other buildings by open space.

**RESIDENCE, ONE-FAMILY SEMIATTACHED**
    A building or structure which comprises one dwelling unit for one family and which is attached or connected to another dwelling unit for one family at their common property line by means of a party wall, the length of which represents at least 50% of the total sidewall length of which the party wall is a part, and which is separated from any other building or structure by open space on the side lot line opposite the party wall and by open space on the front and rear lot lines. Each dwelling unit must be on its own lot. No certificate of occupancy shall be issued for a one-family semi-attached residence until such time as the Building Inspector finds the other dwelling unit to be substantially complete.

**RESIDENCE, TOWNHOME OR ATTACHED HOME**
    One of several units in a building, which unit is designed for and occupied exclusively as a home or residence for not more than one family living independently of any other family separated from other units by a party wall or walls, and erected on a lot intended to be held in the form of a condominium or in single and separate ownership from any adjoining units.

**[Added 12-5-2011 by L.L. No. 5-2011]**

**RESIDENCE, TWO-FAMILY DETACHED**
    A building which is designed, used or occupied for residential purposes for two dwelling units.

**RESIDENTIAL PLACE OF WORSHIP**
    An area within a residence that is used for the conducting of religious services. It is the intent of this chapter that the presence of pedestrians walking to and from religious services at a residential place of worship shall not in and of itself constitute a change in the residential character of the neighborhood.

**RESTAURANT**
    A fully enclosed building or portion thereof where food and beverages, whether or not alcoholic, are sold to the public for consumption on the premises and where regular table service is provided.

**RESTAURANT, FAST-FOOD**
    Any establishment whose principal business is the sale of foods, frozen desserts, or beverages in ready-to-consume individual servings, for consumption either within the restaurant building or for carry-out, and where either foods, frozen desserts, or beverages are usually served in paper, plastic, or other disposable containers; or where there is no table service and/or where the establishment may include a drive-up or drive-through service facility.

**RESTAURANT, NEIGHBORHOOD**
    A fully enclosed building or portion thereof where food and beverages, whether or not alcoholic, are sold to the public for consumption on the premises and where regular table service is provided. A neighborhood restaurant shall not have any live entertainment.

**ROAD, COLLECTOR**
    Any street which serves to carry traffic from local residential streets to secondary streets.

**ROAD, INDUSTRIAL SERVICE**
    A public street or right-of-way providing access to a planned office and/or industrial building