# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

- v. -

THE VILLAGE OF AIRMONT, THE VILLAGE
OF AIRMONT BOARD OF TRUSTEES, and
THE VILLAGE OF AIRMONT PLANNING
BOARD,

        Defendants.

-----------------------------------------------------------x

**CONSENT DECREE**

05 Civ. 5520 (LAK) (PED)

5/6/11

        WHEREAS, this action seeks to enforce the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq. ("RLUIPA"), and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq.; and

        WHEREAS, the United States of America (the "United States") has commenced the above-referenced lawsuit pursuant to 42 U.S.C. § 2000cc-2(f) to enforce compliance with RLUIPA, and pursuant to 42 U.S.C. § 3614, to enforce compliance with the FHA; and

        WHEREAS, the Village of Airmont (the "Village"), the Village of Airmont Board of Trustees (the "Board of Trustees"), and the Village of Airmont Planning Board (the "Planning Board") (collectively, the "Airmont Defendants") are the named defendants in this action; and

        WHEREAS, the Board of Trustees enacted zoning provisions in 1993 that prohibit secular or religious educational institutions with accessory housing from operating anywhere in the Village, regardless of the educational institution's size, design or location, absent the granting of a use variance by the Village Zoning Board of Appeals, see Village of

Airmont Zoning Code (the "Zoning Code"), Ch. 210, Art. III §§ 210-14(B)(14); 210-15(B)(11); 210-16(B)(11); 210-17(B)(9); 210-18(B)(8) (collectively, the "Prohibition of Accessory Housing"); and

WHEREAS, in or about June, 2002, the Planning Board denied an application by Congregation Mischknois Lavier Yakov, Inc. (the "Congregation") to construct a religious educational institution with accessory housing for Hasidic Jewish young men on a 19-acre tract of land on Hillside Avenue in an RR-50 zoning district in the Village (the "Land") on the basis that the Congregation's application was inconsistent with the Prohibition of Accessory Housing; and

WHEREAS, the United States alleges in the complaint that forms the basis of this action (the "Complaint") that the Prohibition of Accessory Housing, on its face and as applied to the Congregation, discriminates against religious exercise in violation of RLUIPA by imposing a substantial burden on the religious exercise of Hasidic Jews without furthering a compelling governmental interest through the least restrictive means; and

WHEREAS, the United States further alleges in its Complaint that the aforementioned Prohibition of Accessory Housing, on its face and as applied to the Congregation, discriminates against Hasidic Jews in violation of the FHA and RLUIPA;

WHEREAS, the Congregation separately sued the Village for, among other things, violating RLUIPA and the FHA in a lawsuit entitled <u>Congregation Mischknois Lavier Yakov, Inc. et al. v. Board of Trustees for the Village of Airmont, et al.</u>, 02 Civ. 5642 (SCR) (the "Private Suit");

WHEREAS, the parties to the Private Suit have executed a Stipulation of Settlement, which was so-ordered by the district court on January 24, 2005 (the "Private Settlement Stipulation"), which resolved the Private Suit and provides relief to the Congregation based upon the terms set forth in that agreement;

WHEREAS, the Village is bound by the terms of the Private Settlement Stipulation and intends to comply fully and in good faith with its obligations under the Private Settlement Stipulation pursuant to all applicable law and rules;

WHEREAS, by October 15, 2011 the Village intends to enact an amendment to its Zoning Code that permits educational institutions with accessory housing in compliance with RLUIPA and the FHA and contains a "grandfathering" provision that will permit the Congregation to build, in a manner consistent with the terms of this Consent Decree, a religious educational institution with accessory housing on the Land;

WHEREAS, the United States and the Village, having the mutual goal of ensuring that the Village complies with RLUIPA and the FHA, and desiring to settle this action and to avoid protracted, expensive and unnecessary litigation, agree to the entry of this Consent Decree to resolve all issues that were raised by the United States in its Complaint;

NOW, THEREFORE, in resolution of this action, and with agreement of the parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I. NO ADMISSION OF LIABILITY

1. The foregoing paragraphs are incorporated herein as part of this Consent Decree.

2. The Airmont Defendants do not admit any liability or wrongdoing with respect to any of the allegations set forth in the Complaint.

## II. DEFINITIONS

3. For purposes of this Consent Decree, "Dwelling" shall have the same meaning as that provided by the FHA, namely "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. § 3602(b).

## III. JURISDICTION

4. This Court has jurisdiction over the parties and the subject matter of this action, and the Court has authority to enforce and administer the terms of this Consent Decree.

5. This Consent Decree shall take effect immediately upon its entry by the Court. The term of this Decree shall be four (4) years from the date of entry. Expiration of this Consent Decree shall not relieve the Village of any obligation otherwise imposed by law. The United States may move the Court to extend the duration of this Consent Decree for good cause shown.

## IV. GENERAL NONDISCRIMINATION PROVISIONS

6. The Village shall not impose or implement any land use regulation in a manner that imposes a substantial burden on the religious exercise of any person, including a religious assembly or institution, unless the Village can demonstrate that imposition of that burden furthers a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest.

7. The Village shall not impose or implement a land use regulation in a manner that discriminates against any assembly or institution on the basis of religion or religious denomination.

8. The Village shall not discriminate against any person on the basis of religion or religious denomination in any aspect of the purchase, sale, construction or occupancy of a Dwelling.

9. The Village shall not discriminate against any person in the terms, conditions or privileges of a Dwelling, or in the provision of services or facilities in connection with a Dwelling, because of that person's religion.

10. The Village shall not coerce, intimidate, threaten, interfere with or retaliate against any person in the exercise or enjoyment of, or on account of that person having exercised or enjoyed, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by RLUIPA or the FHA.

## V. AMENDMENT OF THE VILLAGE'S ZONING CODE

11. The United States's challenge to Airmont's zoning code is dismissed; provided, however, that the United States may request no later than November 15, 2011 that this action be reinstated if the United States determines that either (i) the Village's amended Zoning Code does not comply with the FHA or RLUIPA, or (ii) that the Village failed to amend its Zoning Code by October 15, 2011.

12. This action will be reinstated upon any request by the United States made pursuant to paragraph 11. The United States shall have the sole discretion to request that the action be reinstated. The Airmont Defendants will not object to any request by the United States

to have the action reinstated, provided that the Airmont Defendants do not waive any other objections, defenses or rights that they have under statutory or common law. Any decision by the United States to not reinstate the lawsuit does not constitute an admission, acknowledgment or other affirmative statement by the United States that Airmont's Zoning Code, including any amendments, complies with the FHA or RLUIPA.

13. If the action is reinstated pursuant to paragraph 12, this Consent Decree will remain in full effect, except for paragraphs 11-13 and 28-29, and the only issues that will be subject to further litigation will be (i) whether the Government is entitled to penalties based on the conduct alleged in this action; and (ii) whether the Village's Zoning Code, including any amendments, complies with RLUIPA and the FHA. Further, if the action is reinstated pursuant to paragraph 12, all remedies available to the United States under RLUIPA and the FHA shall be available in the reinstated action, and the period for conducting depositions shall commence on December 1, 2011.

## VI. APPLICATION OF THE CONGREGATION

14. Upon submission of an application by the Congregation to build a religious educational institution with accessory housing on the Land, the Village shall not apply the Prohibition of Accessory Housing to deny such application.

15. The Village, in conformity with all local, state and federal laws, including, but not limited to, SEQRA, shall permit the Congregation to build a Yeshiva on the Land along with a dormitory building for the purpose of housing 170 unmarried students (referred to as the "dormitory" style dwelling) and 30 dwelling units for married students, students with children, and faculty, consisting of 10 buildings with each building containing 3 residential units. Each

unit shall be capable of housing one family unit and shall be designed to include residential architectural features. It shall also include a single-family residence for the Rabbi, sometimes referred to as the "rectory."

16. The Village, in conformity with all local, state, and federal laws, including, but not limited to, SEQRA, may require that the Congregation maintain a buffer of 100 feet from the residential lots located along the eastern property line and to maintain a buffer of 100 feet from the residential lot located on Hillside Avenue. The Village may also require the Congregation to maintain a side setback of 30 feet from the married student/faculty housing and a front setback of 150 feet from the Yeshiva building.

17. The Village, in conformity with all local, state, and federal laws, including, but not limited to, SEQRA, and notwithstanding any provision in paragraph 16, will permit parking in the front yard and will further allow the Congregation to count as required parking spaces the driveways of the married students, faculty housing and rectory, as long as these parking spaces are not located within the side yard or rear areas.

18. The Village, in conformity with all local, state and federal laws, including, but not limited to, SEQRA, will process the application referred to in paragraph 14 expeditiously upon submission of such application to the appropriate Village Board(s). To the extent that the Congregation needs any further approval from the Village to construct a religious educational institution with accessory housing on the Land, the Village shall apply its Zoning Laws and Code along with the New York State Building Code, New York State Fire Code and any other applicable law or regulation in an expeditious manner which is fully consistent with the processing, review, and approval of all similar applications made to the Village by others. The

Village will not improperly interfere with or delay the processing or issuing of any necessary permits and will use its best efforts to promptly schedule any required meetings and/or public hearings.

19. If Airmont amends its Zoning Code during the duration of the Consent Decree, the amendment shall include a grandfathering provision to permit the Congregation to build, in a manner consistent with the terms of this Consent Decree, a religious educational institution with accessory housing on the Land.

20. Any new application by the Congregation, specifically, any application other than the application to build a religious educational institution with accessory housing that is referred to in this Consent Decree and the Private Settlement Stipulation, shall be subject to the Zoning Code and any other law, rule or regulation as may exist at the time of any such application.

## VII. NOTICE TO THE PUBLIC

21. Within 30 days after the date of entry of this Consent Decree, the Village shall notify the public of this Consent Decree by publishing the text of the Consent Decree. Acceptable notice shall include: (i) posting the Consent Decree for no fewer than 180 days in the Village Clerk's Office in a prominent place where it can be seen and read by members of the public; and (ii) including the following language in each publication of the <u>Airmont Villager</u> within one year of the date this Consent Decree is "so ordered" by the Court or, if there are fewer that two publications of the <u>Airmont Villager</u> within that period, the next two publications: "Please take notice that the Village of Airmont has entered into a Consent Decree in connection with the matter designated <u>United States of America v. the Village of Airmont, et al.</u>, 05 Civ. 5520 (LAK) (PED). Copies of the Consent Decree are available to the public at Village Hall."

8

22. Within 30 days after the date of entry of this Consent Decree, the Village shall post this Consent Decree on the Village's Internet website (www.airmont.org) for no fewer than 180 days.

## VIII. NOTICE TO VILLAGE OFFICIALS

23. Within 30 days after the date of entry of this Consent Decree, the Village shall provide a copy of this Consent Decree to the Mayor of Airmont, each member of the Village of Airmont Board of Trustees, the Village of Airmont Planning Board, and the Village of Airmont Community Design Review Committee ("CRDC"). In the event that new persons are elected or appointed to these positions during the term of this Consent Decree, a copy of the Decree shall be provided to such persons by the Village promptly after they take office.

## IX. RECORD-KEEPING AND NOTICE REQUIREMENTS

24. The Village shall maintain copies of all written applications that seek the Village's consideration or approval of any land use for religious purposes for the term of this Consent Decree. Such applications include, without limitation, applications for conditional use permits, variances, building permits, special permits, special use permits, renewals of permits, special exceptions, or zone text amendments. During the term of the Consent Decree, the Village shall advise the United States in writing within 15 days after receipt of any such application, and within 15 days after the disposition of any such application.

25. During the term of this Consent Decree, the Village shall notify the United States in writing within 15 days after receipt by the Village of all amendments to the Village zoning code that have been proposed to, or approved by, the Village. The notification shall include

copies of all such proposed or approved amendments, which copies shall also be maintained by the Village.

26. The Village shall maintain copies of all written complaints it receives during the term of this Consent Decree concerning any alleged restriction or prohibition by the Village of, or interference with, the use of land in the Village for religious purposes. If the complaint is oral, the Village shall prepare a written summary of it, including appropriate information identifying the complainant (unless the complainant is anonymous) and the substance of the complaint. The Village shall advise the United States in writing within 15 days after receipt of any such written or oral complaint. The Village shall also notify the United States in writing within 15 days after the Village's response to any such complaint.

## X.  INSPECTION OF RECORDS

27. During the term of this Consent Decree, upon reasonable notice by counsel for the United States to counsel for the Village, the Village shall permit representatives of the United States to inspect and copy all pertinent records of the Village, including but not limited to, those records referred to in this Consent Decree.

## XI.  PENALTIES

28. Subject to the provisions of paragraph 13, the Village shall pay a total of ten thousand dollars ($10,000) to the United States as a civil penalty, pursuant to 42 U.S.C. § 3614(d)(1)(C), no earlier than November 16, 2011 and no later than November 30, 2011. This payment shall be delivered to counsel for the United States in the form of a cashier's check payable to the "United States Treasury."

29. In the event that the Village, or the Village's agents or employees engage in any future violation(s) of the Fair Housing Act, such violation(s) shall constitute a "subsequent violation" as to the Village pursuant to 42 U.S.C. § 3614(d).

## XII. ENFORCEMENT

30. The Court shall retain jurisdiction for the duration of this Consent Decree to enforce the terms of this Decree and to resolve any disputes arising under this Consent Decree, after which time the case shall be dismissed with prejudice.

31. The parties to this Consent Decree agree to use their best efforts to effectuate the purposes of the Consent Decree and to resolve informally any differences regarding interpretation of and compliance with the Consent Decree prior to bringing such matters to the Court for resolution.

32. In the event of a failure by the Village to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized at law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and costs and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

## XIII. INTEGRATION AND MODIFICATION

33. The parties understand and agree that this Consent Decree contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein

shall be of any force or effect. This Consent Decree may be modified only in writing and with the written consent of the parties and approval of the Court.

## XIV. COSTS AND ATTORNEY'S FEES

34. Each party shall bear its own costs and attorney's fees in this action.

AGREED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York,
*Attorney for United States of America*

Date: 4/25/2011    BY: _____
LAWRENCE H. FOGELMAN
BRIAN K. MORGAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2800

THE VILLAGE OF AIRMONT, NEW YORK, THE VILLAGE OF AIRMONT BOARD OF TRUSTEES, and THE VILLAGE OF AIRMONT PLANNING BOARD

Date: 4/21/11    BY: _____
MICHAEL D. ZARIN
*Attorney for Defendants*

Date: 4/21/11    BY: _____
Authorized Agent for Village Board of Trustees

Date: 4/20/11    BY: _____
Douglas
Authorized Agent for Village Planning Board

SO ORDERED: _____
HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE
5/6/11

12