UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          Plaintiff,

-v-

VILLAGE OF AIRMONT,

          Defendants.

No. 20 Civ. 10121 (NSR)

## AFFIDAVIT OF RABBI MOISHE BERGER

1. I, Rabbi Moishe Berger, reside at 22 Rustic Drive, Airmont, NY 10952.

2. I have been a resident of Airmont, New York since July 2015, when I bought my home in Airmont on a 36,672 square foot lot located in a R-35 Residential Zoning District.

3. I am a Hasidic Jewish Rabbi. It is the sincerely held religious belief of my Orthodox Jewish community that at least ten men (age 13 and up) must come together to pray once in the morning and once in the afternoon each day. It is our sincerely held religious belief that we cannot walk on the Sabbath or some holidays, and so we must live within walking distance of our place of worship.

4. My religious beliefs require that I welcome any one to pray in my home, even if I am not their Rabbi. I also need a mikvah in my home to allow myself and those that come for prayer to take Jewish ritual purification baths. Only a small number of people can use the mikvah at a time.

5. Additionally, for the holiday Sukkos (Sukkah), which starts four days after Yom Kippur, the holiest day of the year, I must build a sukkos, or small hut, prior to Yom Kippur. Sukkos lasts nine days.

6. Towards the end of 2015, some of my neighbors asked if they could use my home as a place to worship in the neighborhood. As a Rabbi, I believe it is important for me to provide a space for people to worship, and I allowed my neighbors to come to my home and pray daily.

7. In December 2015, I submitted an application addressed to the Village of Airmont Planning Board and Community Design Review Committee to receive a permit for a

conversion of about 600 square feet of my home for use as a worship space during morning and evening services on Saturdays and Jewish holidays.

8. My application was scheduled for a hearing before the CDRC in January 2016. I did not understand why I needed to meet some of the Village's requirements, especially regarding the ADA and landscaping. Even though I did not understand why the requirements to pray in a home were so onerous, I submitted the documents and tried to meet the Village's requirements because I wanted to get the proper approvals.

9. That summer, after Phillip Gigante and other members of Preserve Airmont won the local election, there were changes to the staffing of the Zoning and Planning Department, including new Building and Fire Inspectors.

10. In September 2016, I went back to the CDRC. After the fire inspector told me that he didn't like my plan, especially the parking lot, I changed the plan and submitted another proposal.

11. In April 2017, I went before the CDRC again and I was finally approved to go before the Planning Board if I made additional changes.

12. On June 22, 2017, I appeared at the Planning Board meeting. The Village Engineer, who was present at my CDRC meetings and had stated that everything looked fine with the plans, now raised the issue that she thought the worship space was larger than 1400 square feet and a problem. She said that the Building Inspector, Louis Zummo, needed to decide whether I could have a worship space larger than 1400 square feet. This was the first time I heard that the Village Code might prevent me from having my worship space because it was larger than 1400 square feet. Zummo was not at that meeting so I had to wait for a determination from him.

13. In response to the Planning Board's mention of the 1400 square feet limitation, my former lawyer, Ryan Karben, wrote two letters to Louis Zummo, the new Building Inspector for the Village of Airmont. The letters dated July 14, 2017 and August 6, 2017, challenged the limit on the size of my house of worship to 1400 feet stating that the definition in § 210-12.1(C) does not provide any limitations based on size.

14. The Village did not respond to either of these letters until December 27, 2017. The letter from Louis Zummo stated that the proposed square footage of the space for worship in my home, 3035 square feet, was well above a maximum 1400 square feet allowed by the code for a residential house of worship on a lot of my size which the letter suggested was undersized for my zone.

15. My over 36,000 square foot lot is not undersized for my 35,000 square foot zone. I also knew that the actual worship space is not more than 1400 square feet. The Village added my Rabbi study, the hallway, bathrooms, and other areas to the calculation of the worship space. This unfair calculation process along with the fact that the Village was saying that spaces larger than 1400 square feet were banned,

which was not true, showed me that the Village had no intention of approving my worship space, no matter what I did.

16. In February, I received a violation from the Village regarding my worship space. I knew that I was not going to get approved with a violation and I could not resolve the violation because the Village was not going to approve my application.

17. I did not know how to resolve the unlawful calculation of my worship space, and by this time, the process was becoming very expensive. I had already spent over $20,000 on the application process.

18. I continue to want to gain approval of my home for religious use.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on February 12, 2021.

_____
Rabbi Moishe Berger