UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

     -v-

VILLAGE OF AIRMONT,

                Defendant.

No. 20 Civ. 10121 (NSR)

---

## CONSENT ORDER OF PRELIMINARY INJUNCTION

This Consent Order of Preliminary Injunction (the "Consent Injunction") is entered into between plaintiff the United States of America (the "Government") and defendant the Village of Airmont ("Airmont" or the "Village").

WHEREAS, the Government brought the above-captioned action (the "Action") alleging that the Village has placed a substantial burden on, discriminated against, and unreasonably limited, the religious exercise of the Village's Orthodox Jewish residents in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*;

WHEREAS, on February 12, 2021, the Government served on the Village a motion for preliminary injunction;

WHEREAS, the Village denies all allegations of wrongdoing and unlawful conduct and maintains that it has not placed a substantial burden on, discriminated against, or unreasonably limited such religious exercise; and

WHEREAS, the Village is prepared to file an opposition to the Government's motion for preliminary injunction, in the interest of reducing costs and uncertainty and to conserve judicial resources, the parties agree to entry of this Consent Injunction.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

<u>Amendments to the Airmont Zoning Code and its Enforcement</u>

1. The Village is enjoined from enforcing, implementing, or otherwise giving force to § 210-12.1 of the Airmont Zoning Code, as amended on September 4, 2018, by L.L. No. 16-2018, entitled "Residential places of assembly" (the "Stricken Section") in its entirety, attached hereto as Exhibit A.

2. The Village shall, in place of the Stricken Section, enforce, implement, and otherwise give force to the prior version of § 210-12.1 of the Airmont Zoning Code as amended on December 10, 2007, by L.L. No. 5-2007, entitled "Residential places of worship," in its entirety, attached hereto as Exhibit B, as a duly enacted and operative provision of law, except as modified as follows (the "Restored Section"):

   a. The first sentence of § 210-12.1(B)(1) shall be stricken and replaced with the following: "For the establishment of any residential place of worship that exceeds 1400 square feet, an applicant shall obtain site approval as set forth in Article IX of the Airmont Zoning Code, in the form as amended by L.L. No. 7-1997."

   b. Section 210-12.1(B)(6) shall be stricken and replaced with the following: "The Building Inspector shall review the application and refer any complete application to the Planning Board within 10 days of its submission to the Clerk to the Planning Board. If the application provides for more than 1,400 square feet of space devoted to the conducting of religious services, the application shall be referred by the Building Inspector to the Planning Board for regular Planning Board site plan review and approval subject to the provisions of Article IX of the Airmont Zoning Code, in the form as amended by L.L. No. 7-1997, and not any

other provision of this Code. If the application provides for 1,400 square feet of space or less devoted to the conducting of religious services, the application shall be referred by the Building Inspector to the CDRC and the Planning Board for review and approval as set forth herein without any public hearing."

3. A copy of Article IX of the Airmont Zoning Code, in the form as amended by L.L. No. 7-1997 is attached hereto as Exhibit C. To the extent that Article IX of the Airmont Zoning Code, in effect as amended by L.L. No. 7-1997, makes reference to "Site Development Plan Rules and Regulations," the operative version of said Site Development Plan Rules and Regulations for purposes of enforcing, implementing, and otherwise giving force to the Restored Section pursuant to this Consent Injunction shall be the Site Development Plan Rules and Regulations as set forth by the provisions of L.L. No. 6-1997, a copy of which is attached hereto as Exhibit D.

4. The Village shall enforce, implement, and otherwise give force to, the following entry under § 210-174 of the 2018 Airmont Zoning Code (the "Definition"): "RESIDENTIAL PLACE OF WORSHIP—An area located within a residence that is for the conducting of religious services. It is the intent of this Local Law that the presence of pedestrians walking to and from religious services at a Residential Place of Worship shall not in and of itself constitute a change in the residential character of the neighborhood."

5. The Village shall enforce, implement, and otherwise give force to the inclusion of "residential place of worship," as defined in Paragraph 4, as a "use permitted by right" in each of the residential districts recognized under Article III of the Airmont Zoning Code, specifically under §§ 210-14(A), 210-15(A), 210-16(A), 210-17(A), 210-18(A). The Village shall enforce,

implement, and otherwise give force to each of the above-listed provisions as including "residential place of worship."

6. To the extent that the Village amends its Zoning Code while this Consent Injunction remains in effect, the provisions of this Consent Injunction and all obligations thereunder shall remain in force. To the extent that the Village amends any provision of Article III or Article IX of the Zoning Code while this Consent Injunction remains in effect, the Village shall ensure that Article III or Article IX as amended shall include the Restored Section in its entirety, include the Definition among any defined terms listed under the Zoning Code, and include "residential place of worship" as a permitted use by right in all residential zones.

7. The Village shall process any and all new and outstanding applications for a residential place of worship according to the terms set forth in this Consent Injunction.

General Provisions

8. This Consent Injunction and the Village's and the Government's consent to entry of this Consent Injunction is not an admission or concession of liability by the Village, is not an admission or concession by the Village as to the merits of the Government's motion for preliminary relief, and is not a finding by this Court as to the merits of either party's case or the Government's motion for preliminary relief.

9. The entry of this Consent Injunction is without prejudice to any claims or defense that either party may raise in this Action.

10. For the duration of this Consent Injunction, the Government shall have the right to verify compliance with this Consent Injunction, through any means available to the general public, including by initiating communications to determine whether the Village is complying with the terms set forth herein and the provisions of RLUIPA.

11. If the Village, or any of its officials, employees, and agents, including any member of any official Village body, including but not limited to the Board of Trustees, the Planning Board, and the Community Design Review Committee fails to comply with any of the terms of this Consent Injunction, the Government, prior to seeking relief from the Court, shall notify counsel for the Village in writing of that violation. Upon receipt of any such notice, the Village shall have ten (10) business days to cure any noncompliance set forth herein. If the Village does not cure such noncompliance within such ten (10) business day period, the Government may seek appropriate relief from the Court.

12. Because this Consent Injunction does not resolve all claims and defenses in this case, the Action shall remain active on the Court's docket.

13. This Consent Injunction shall remain in effect until further order of the Court.

Dated: March 15, 2021
New York, New York

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By: /s/ Stephen Cha-Kim
STEPHEN CHA-KIM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2768
Fax: (212) 637-2702
stephen.cha-kim@usdoj.gov

Dated: March 12, 2021
Carle Place, New York

SOKOLOFF STERN LLP
*Attorneys for the Village of Airmont*

By: Brian S. Sokoloff
(Digitally signed by Brian S. Sokoloff
DN: cn=Brian S. Sokoloff, o=Sokoloff Stern LLP, ou, email=bsokoloff@sokoloffstern.com, c=US
Date: 2021.03.12 15:32:26 -05'00')

BRIAN S. SOKOLOFF
179 Westbury Avenue
Carle Place, New York 11514
Tel: (516) 334-4500
bsokoloff@sokoloffstern.com

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE