```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    10/19/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                                        Plaintiff,

                    -v-                                          No. 20 Civ. 10121 (NSR) (AEK)

VILLAGE OF AIRMONT,

                                        Defendant.

**MEMO ENDORSED**

## CONSENT DECREE

This Consent Decree is entered into between plaintiff the United States of America (the "Government") and defendant the Village of Airmont ("Airmont" or the "Village," and collectively, the "Parties").

WHEREAS, on December 2, 2020, the Government brought the above-captioned lawsuit (the "Action"), alleging *inter alia* that Airmont's 2018 enactment of certain amendments to its zoning code (the "2018 amendments") violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*;

WHEREAS, on March 15, 2021, the Court entered a Consent Order of Preliminary Injunction (the "Consent Injunction") that, among other things, enjoined Airmont from enforcing, implementing, or otherwise giving force to the 2018 amendments;

WHEREAS, on September 1, 2021, the Village filed a motion to dismiss the Action dated June 22, 2021, for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure;

WHEREAS, Airmont denies the allegations in the Government's complaint and any and all liability under RLUIPA;

1

WHEREAS, entry of the Consent Decree does not constitute an admission by the Village of any of the allegations contained in the Government's complaint;

WHEREAS, the Government and the Village wish to settle this action to avoid protracted and unnecessary litigation, and to conserve taxpayer and judicial resources, and so agree to entry of this Consent Decree;

NOW, THEREFORE, without the adjudication, admission, finding, holding, or determination on the merits of either Party's case, and with agreement of the Parties, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

### I.      DEFINITIONS

1.      For purposes of this Consent Decree, "Airmont" or "the Village" shall mean Defendant the Village of Airmont or any of its agents, employees, representatives, elected officials, or any other individual acting or purporting to act on its behalf.

### II.     JURISDICTION

2.      This Court has jurisdiction over the Parties and the subject matter of this action, and the Court has authority to enforce and administer the terms of this Consent Decree.

3.      This Consent Decree shall take effect immediately upon its entry by the Court. The term of this Decree shall be five (5) years from the date of entry. Expiration of this Consent Decree shall not relieve the Village of any obligation otherwise imposed by law. The United States may move the Court to extend the duration of this Consent Decree for good cause shown.

### III.    GENERAL NONDISCRIMINATION PROVISIONS

4.      The Village shall not impose or implement any land use regulation in a manner that imposes a substantial burden on the religious exercise of any person, including a religious assembly or institution, unless the Village can demonstrate that imposition of that burden

furthers a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest.

5.      The Village shall not impose or implement any land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution.

6.      The Village shall not impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination.

7.      The Village shall not impose or implement a land use regulation that unreasonably limits religious assemblies, institutions, or structures within the Village.

8.      The Village shall not coerce, intimidate, threaten, interfere with or retaliate against any person in the exercise or enjoyment of, or on account of that person having exercised or enjoyed, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by RLUIPA.

9.      The terms and provisions of Section III shall be governed by, and interpreted consistent with, the statutory and case law that controls at the time the controversy arises, i.e., the time of interpretation.

**IV.     CONSENT INJUNCTION SUPERSEDED**

10.     The terms of the Consent Injunction are hereby superseded by the provisions of this Consent Decree including exhibits.

11.     The Village remains and shall continue to be enjoined from enforcing, implementing, or otherwise giving force to § 210-12.1 of the Airmont Zoning Code, as amended on September 4, 2018, by L.L. No. 16-2018.

12.     The Village remains and shall continue to be obligated to enforce, implement, and otherwise give force to "Residential Place of Worship" ("RPW") as a separately defined land use category and a use permitted by right in each of the residential districts recognized under the Airmont Zoning Code.

## V.     PRESENT AND FUTURE AMENDMENT OF THE ZONING CODE

13.     Notwithstanding any provisions of the Airmont Code to the contrary, the Village shall take all necessary measures to enact with legal force without any undue delay the amendments to its zoning code contained in Exhibit A (the "Zoning Amendments") and to comply with all other provisions of this Consent Decree, which constitutes a judicial order entered in civil enforcement proceedings as described in the New York Compilation of Rules and Regulations ("NYCRR"), Title 6, Section 617.5(c)(35). In addition to the requirement that the Village must take any other action within its lawful power and discretion to ensure the prompt enactment into legal force of the Zoning Amendments not specifically enumerated herein, the Village shall be specifically required to:

    a.  distribute the Zoning Amendments to all members of the Village Board no later than seven (7) days from entry of this Consent Decree;

    b.  hold a meeting of the Village Board no later than fourteen (14) days from entry of this Consent Decree, at which meeting the Board shall (i) formally introduce the Zoning Amendments; (ii) make a formal determination that the enactment of the Zoning Amendments constitutes a "Type II action" for purposes of New York State Environmental Quality Review pursuant to 6 NYCRR § 617.5(c)(35); and (iii) formally refer the enactment of the Zoning Amendments to the applicable county planning agency pursuant to New York

General Municipal Law ("GML") § 239-m(2) (the "referral"); (iv) schedule a public hearing date on the Zoning Enactments and publish notice of such public hearing in accordance with Municipal Home Rule Law § 20.

c.  include with any other applicable and necessary materials as part of the referral to the county planning agency described in subsection b(iii) above a copy of this Consent Decree and any exhibits and a written explanation that enactment of the Zoning Amendments (1) is mandated by judicial order and (2) should be designated by agreement as not subject to referral under GML § 239-m(3)(c) or should be given a recommendation of approval under GML § 239-m(4);

d.  open the public hearing regarding the Zoning Amendments on the scheduled date and, after hearing all interested parties, close such public hearing. Following the close of the public hearing, the Village shall, regardless of public comments received regarding such local law, effectuate final enactment of the Zoning Amendments as a local law pursuant to the requirements of New York Municipal Home Rule Law § 20(4), by whichever date among the following is earliest in time: (1) within fourteen (14) days of receipt of notification from the applicable county planning agency that enactment of the Zoning Amendments is not subject to referral under GML § 239-m(3)(c); (2) within fourteen (14) days of receipt of notification of the applicable county planning agency's recommendations, subject to consultation with the Government as set forth in paragraph (d) above in the event that the county planning agency recommends modification or disapproval, as to the enactment

of the Zoning Amendments; or (3) in the event that the county planning

agency fails to issue its recommendations within the thirty (30) day time

period required by GML § 239-m(4)(b), within fourteen (14) days of the

deadline to provide a recommendation set forth in GML § 239-m(4)(b).

14.     The Village shall not be deemed to be in violation of this Consent Order in the

event that the county planning agency declines to enter into such agreement under GML 239-

m(3)(c) as contemplated in Paragraph 13(c) or makes recommendations that require an

extraordinary vote under GML § 139-m(5). If the county planning agency makes such

recommendations of modification or disapproval requiring an extraordinary vote, the Village

shall confer with the Government in order to determine if the Village shall proceed to override

such recommendation with the required vote or modify the code to incorporate any such

recommendations.

15.     In the event that the county planning agency submits recommendations of

modification or disapproval to the Village within two or more days prior to the scheduled date of

enactment of the Zoning Amendments, the provisions of Paragraph 14 shall apply and the

Government and Village shall confer with respect to such county planning recommendations.

16.     The Government's challenge to Airmont's zoning code in existence at the

commencement of this Action is dismissed, provided, however, that the United States may

request at any time that this Action be reinstated to the Court's active docket should the

Government determine that the Village has failed to make good-faith efforts to comply with the

terms and provisions of this Consent Decree.

17.     During the term of this Consent Decree, the Village is hereby prohibited from

enacting any amendment or modification to, including the insertion of any additional text in Part

II, Chapter 210, Sections 210-7 and 210-12.1 of the Airmont Code, and any other section of the

Airmont Code amended or modified as a result of this Consent Decree, without first obtaining

the express written consent of the United States, which the Government may provide or decline

to provide at its sole discretion. In the event the Government declines to provide its consent or

fails to respond to the Village's request within thirty (30) days, the Village may apply to this

Court to seek appropriate relief.

18.     During the term of this Consent Decree, the Village shall notify the United States

in writing within fourteen (14) days of receipt by the Village of any and all proposed

amendments to the Village zoning code, if the Village intends to consider such a proposal for

passage. The notification shall include copies of all such proposed amendments. Should the

Government determine that any such proposed amendment has the intent and/or effect of

infringing on religious exercise in violation of RLUIPA, the Government may notify the Village

of its determination. The Parties shall confer in good faith about any dispute related to the

Government's determination in the sixty (60) day period from notification of the Government's

determination. If after this 60-day period, the Village confirms that it will still consider such

proposed amendments, the Government may, at any time thereafter, request that this Action be

reinstated to the Court's active docket.

**VI.     NOTICE TO THE PUBLIC**

19.     Within 21 days after entry of this Consent Decree, the Village shall notify the

public of this Consent Decree by (1) publishing the text of the Consent Decree including exhibits

on the homepage of the Village's website for no fewer than 180 days, (2) publishing the text of

the Consent Decree including exhibits in both the print and online editions of the Village's

designated official newspaper(s), and (3) posting the text of the Consent Decree and exhibits for

no fewer than 180 days in the Village Clerk's Office in a prominent place where it can be seen and read by members of the public.

## VII.   NOTICE TO OFFICIALS

20.     Within 21 days after entry of this Consent Decree, the Village shall provide a copy of this Consent Decree including exhibits to all Village employees, officers, and elected officials, including but not limited to the Mayor of Airmont, each member of the Village Board of Trustees, the Village Building Inspector, the Village Clerk, and the Village Planning and Zoning Board Clerk.

21.     Within 21 days after entry of this Consent Decree, the Village shall provide a copy of this Consent Decree including exhibits to all any other individual that contracts with Airmont in connection with reviewing, adjudicating, or opining on any land use application.

## VIII.   RECORD-KEEPING AND OTHER NOTICE REQUIREMENTS

22.     During the term of the Consent Decree, the Village shall maintain copies of all written applications that seek the Village's consideration or approval of any land use for religious purposes for the term of this Consent Decree. Such applications include, without limitation, applications for conditional use permits, variances, building permits, special permits, special use permits, renewals of permits, special exceptions, or zone text amendments.

23.     During the term of the Consent Decree, the Village shall notify the United States in writing within every three (3) months from the date of entry of the Consent Decree of the occurrence of each instance during the preceding three-month period in which:

a.     The Village has denied or constructively denied any application related to the operation of a RPW described in Section 210-12.1 of the Airmont Code as amended by the terms of this Consent Decree and Exhibit A; or

b.     The Village has issued any notice of a criminal violation under any of the Zoning Code provisions applicable to RPWs.

24.     During the term of the Consent Decree, the Village shall maintain copies of all written complaints it receives concerning any alleged restriction or prohibition by the Village of, or interference with, the use of land in the Village for religious purposes. The Village shall also notify the United States in writing within every three (3) months from the date of entry of the Consent Decree of each written complaint described in this Paragraph that Airmont has received in the preceding three-month period.

### IX.     INSPECTION OF RECORDS

25.     During the term of the Consent Decree, upon reasonable notice by counsel for the United States to counsel for the Village, the Village shall permit representatives of the United States to inspect and copy all records of the Village related to the regulation of residential and freestanding places of worship under the Airmont Code and to the adjudication of related land use applications by Village officials.

### X.     ENFORCEMENT

26.     The Court shall retain jurisdiction for the duration of the Consent Decree to enforce the terms of the Decree and to resolve any disputes arising under the Consent Decree, after which time the case shall be dismissed with prejudice.

27.     The parties shall use their best efforts to effectuate the purposes of the Consent Decree and to resolve informally any differences regarding interpretation of and compliance with the Consent Decree prior to bringing any dispute to the Court's attention.

28.     Subject to the above paragraph(s) requiring initial, informal resolution of differences, in the event of a failure by the Village to perform in a timely manner any act required by the Consent Decree or otherwise to act in conformance with any provision thereof, the United States may move the Court at any time to impose any remedy authorized at law or

equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and costs and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

## XI.    INTEGRATION AND MODIFICATION

29.    The Parties understand and agree that this Consent Decree contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties of their counsel that are not included herein shall be of any force or effect. This Consent Decree may be modified only in writing and with the written consent of the Parties and approval of the Court.

## XII.    COSTS AND ATTORNEY'S FEES

30.    Each Party shall bear its own costs and attorney's fees in this Action.

### AGREED TO BY:

Dated: September 27, 2023
       New York, New York

       DAMIAN WILLIAMS
       United States Attorney
       *Attorney for the United States of America*

By:

       DAVID J. KENNEDY
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       (212) 637-2733
       david.kennedy2@usdoj.gov

Dated:       September 28, 2023
            Carle Place____, New York

       SOKOLOFF STERN LLP
       *Attorney for Defendant*

By:       
       LEO DORFMAN

       (516) 334-4500
       ldorfman@sokoloffstern.com

The Clerk of Court is kindly directed to close the case.

Dated: October 19, 2023
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

10